INHABITANTS OF CORNVILLE, *petitioners,* v. COUNTY COMMISSIONERS OF THE COUNTY OF SOMERSET.

Applications for the writ of *certiorari* are to the discretion of the Court.

The law prescribes that the return by County Commissioners, of their doings in locating a highway, shall be recorded at the *first* ensuing term of their court.

When such a return has not been recorded until the *third* ensuing term, a writ of *certiorari* will be granted, with a view to quash the whole proceedings.

PETITION for a writ of *certiorari.*

An application for the establishment of a highway, was presented to the County Commissioners, at the term of their court, in March, 1846.   They examined the route in August; located the way in September ; and returned their report of the same to their court, at its October term, 1846.   The report was then continued *unrecorded*, till, in Dec. 1847, at an adjournment of the October term, of 1847, it was ordered to be accepted, and the proceedings to be closed.

The fourth cause alleged for granting the writ, was that the Commissioners' return of their location, though made at the October term, 1846, was not recorded until the second regular term of their court, after the one to which it was returned.

*J. S. Abbott*, in behalf of the petitioners for the writ.

*Coburn*, County Attorney, *contra.*

WELLS, J. — It appears, that the report of the commissioners in relation to the view and location of the highway, was made at the October term of their court in 1846, but was not recorded until at an adjournment of the October term in 1847. The statute, chap. 25, sect. 3, requires, that the return of their doings shall be recorded at the next term after their proceedings shall have been finished.   The record should have been made at the October term in 1846, but it was not made until the second term next following.

So wide a departure from the requirements of the law cannot be considered merely formal and technical.   It is essential that the acts of public functionaries and legal tribunals should be recorded at the time specified by law.   By omitting to do so, they may be lost, to the detriment of public and private rights. And if not lost, those, whose interests may require them to make an examination, may not have an opportunity to inspect the proceedings, by an inability to ascertain where they are lodged.   This Court has a discretion in relation to petitions of this nature, but it should be exercised in such manner as will best subserve the public welfare, and prevent too great laxity and irregularity in the time of recording judicial acts.

It is our conclusion that a *certiorari* must be granted. *Inhabitants of Cushing* v. *Gay & al.* 23 Maine, 9. *Inhabitants of Parsonsfield* v. *Lord, & al.* Ibid. 511.